IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BILLIE A. HAYNES**                                                                                    **PLAINTIFF**

v.                                                              CAUSE NO. 3:16CV816-LG-RHW

**HEALTH ASSURANCE, LLC,**
**doing business as Jackson**
**County Detention Center**                                                              **DEFENDANT**

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS
### AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT

**BEFORE THE COURT** are the Motion [4] to Dismiss for Insufficiency of Service of Process and for Failure to State a Claim filed by Defendant Health Assurance, LLC, doing business as Jackson County Detention Center, and the Motion [11] for Leave to File First Amended Complaint filed by Plaintiff Billie A. Haynes.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion to Dismiss should be denied.  Plaintiff's Motion to Amend is granted in part and denied in part as set forth below.

### BACKGROUND

Haynes filed this lawsuit against Defendant, alleging that she was placed on "PRN status" due to her disability and age in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act.  Defendant has filed a Motion to Dismiss for Insufficiency of Service of Process and for Failure to State a Claim.  Haynes has filed a Motion to Amend her Complaint.

**DISCUSSION**

**I. MOTION TO DISMISS**

    **A. SERVICE OF PROCESS**

Defendant argues that it was not properly served with process because Haynes served the registered agent for service of process of "Health Assurance, LLC," not "Health Assurance, LLC, doing business as Jackson County Detention Center."[1] Defendant asserts that Health Assurance has never done business as the Jackson County Detention Center. Defendant argues that "Health Assurance, LLC" and "Health Assurance, LLC, doing business as Jackson County Detention Center" should be viewed as two completely separate entities.

"The core purpose of service of process is 'to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.'" *Conn v. United States*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011) (quoting *Henderson v. United States*, 517 U.S. 654, 672 (1996)). It is clear from Haynes' Complaint that she intended to sue her employer for discrimination in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act. It is undisputed that Haynes filed a charge of discrimination against "Health Assurance LLC," in which she named this entity as her employer. She timely served a summons and her Complaint on Health Assurance, LLC's registered agent for service of process on

---

[1] There was initially some confusion whether Haynes served the correct agent for service of process for Health Assurance, LLC, because the former agent for service of process resigned on the same day that she was served. Out of an abundance of caution, Haynes later served the new agent for service of process for Health Assurance, LLC. Therefore, this issue is now moot.

two separate occasions.  (Summonses Returned Executed, ECF Nos., 3, 7).  Thus, it is clear that Defendant received timely notice of this lawsuit in a manner that afforded it a fair opportunity to answer and present its defenses.

Defendant has not presented any authority to the Court that supports its contention that service of process on "Health Assurance, LLC" is ineffective in a lawsuit filed against "Health Assurance, LLC, doing business as Jackson County Detention Center," and this Court has located no such authority despite a diligent search.  Numerous courts have held that the use of "doing business as" or "d/b/a" to designate a fictional or trade name does not create a separate legal entity.  *See, e.g., Trustees of the Mason Tenders v. Faulkner*, 484 F. Supp. 2d 254, 258 (S.D.N.Y. 2007); *Duval v. Midwest Auto City, Inc.*, 425 F. Spp. 1381, 1387 (D. Neb. 1977); *Am. Express Travel Related Servs. Co. v. Berlye*, 414 S.E.2d 499, (Ga. Ct. App. 1992); *see also* 8 Fletcher Cyclopedia of the Law of Private Corporations § 3831.  Thus, it follows that Haynes did not create a new legal entity by mistakenly suing an entity using this designation.  Regardless of whether Health Assurance has ever done business as "Jackson County Detention Center," it is clear that Defendant was timely and properly served with process in this lawsuit.  Defendant's Motion filed pursuant to Fed. R. Civ. P. 12(b)(5) is denied.

### B.  FAILURE TO STATE A CLAIM

Defendant argues that Haynes has failed to state a claim upon which relief can be granted, because she did not file a charge of discrimination against the specific entity "Health Assurance, LLC, doing business as Jackson County Detention Center"; the charge was filed against "Health Assurance LLC."  For the

same reasons state above, the addition of "doing business as" did not create a separate legal entity. A charge was filed against Health Assurance and Haynes has sued that entity. As a result, Defendant's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

## II.  HAYNES' MOTION TO AMEND

In a response [9], which was filed on December 8, 2016, Haynes requested leave to amend her complaint to name "Health Assurance, LLC" as the only defendant. On December 15, 2016, Haynes filed a Motion [11] for Leave to File First Amended Complaint in which she sought leave to name "Health Assurance, LLC, now doing business as Medical Assurance of America, LLC," as a defendant, because she claims that "Health Assurance's contracts have been moved to Medical Assurance of America and Health Assurance, LLC has no assets." (Pl.'s Mot. at 1, ECF No. 11).[2] Defendant disputes this assertion, claiming that Medical Assurance has not assumed Health Assurance's contracts and is not subject to successive liability.

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend and a district court must possess a substantial reason to deny a request." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir.

---

[2] Since both of Haynes' requests for leave to amend were filed more than twenty-one days after service of Defendant's Motion to Dismiss, she must obtain leave of court before filing an amended complaint. *See* Fed. R. Civ. P. 15(a).

2016) (internal quotation marks omitted). Courts must analyze the following five considerations in order to determine whether to grant leave to amend: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Id.*

In the present case, there is no indication of undue delay, bad faith, or dilatory motive. There have been no prior attempts to amend the complaint, and Defendant has not demonstrated that it would be prejudiced by the amendment. Nevertheless, Haynes' request to amend the Complaint to name "Health Assurance, LLC, now doing business as Medical Assurance of America, LLC," as a defendant would be improper and futile. The "doing business as" designation should only be used when a corporation is using a fictitious name or a trade name, not to name two separate legal entities as one. The records of the Mississippi Secretary of State, of which this Court takes judicial notice, demonstrate that Health Assurance and Medical Assurance are two separate legal entities that are each in good standing. *See* Mississippi Secretary of State, http://www.sos.ms.gov/Pages/default.aspx (last visited Jan. 6, 2017). If Haynes wishes to sue Medical Assurance as a separate defendant, she must file an appropriate motion and proposed amended complaint.

Nevertheless, since the parties do not dispute that Health Assurance and Jackson County Detention Center are two separate entities the Court finds that Haynes should be ordered to amend her Complaint and correct the name of Defendant by removing any reference to Jackson County Detention Center.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [4] to Dismiss for Insufficiency of Service of Process and for Failure to State a Claim filed by Defendant Health Assurance, LLC, doing business as Jackson County Detention Center is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Motion [11] for Leave to File First Amended Complaint filed by Plaintiff Billie A. Haynes is **GRANTED** to the extent that she is ordered to amend her Complaint to remove the reference to "doing business as Jackson County Detention Center" and is **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE